In the Matter of STEVE D. THOMPSON TRUCKING, INC., Debtor.

Billy R. VINING, Trustee, Appellee,

v.

ROCK WOOL MANUFACTURING COMPANY, Appellant.

No. 92–4160.

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1993.

Covert J. Geary and Raymond J. Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrère & Denègre, New Orleans, LA, for appellant.

Richard A. Bailly and Stephen J. Katz, Rankin, Yeldell, Herring & Katz, P.C., Bastrop, LA, for appellee.

ON PETITION FOR REHEARING

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Petitioner, Rock Wool Manufacturing Company ("Rock Wool"), moves for a rehearing on the ground that there still exists a genuine issue of material fact regarding the

applicability of a discount tariff. We have previously reversed the summary judgment against petitioner on procedural grounds; however, the lower court's calculation of undercharges was left intact. The underlying rates used to determine the amount of undercharges form the basis of Rock Wool's petition. The lower court calculated the undercharges by the difference between the rate charged and the filed tariff rate without the benefit of any discount. Rock Wool had argued that it was engaged in contract carriage and, thus, was entitled to a 55% discount. We properly rejected Rock Wool's contract of carriage argument.

However, Rock Wool asserted a fall-back position contending that if the 55% contract of carriage discount does not apply, then a 40% discount was in effect. The sole basis of this argument emanates from a participation letter ("the letter") signed by Steve D. Thompson Inc.'s director of traffic, Marion Jackson. The letter, which accompanied Mr. Falk's affidavit, purports to establish a 40% discount. However, there is no evidence in the record that a valid tariff with a 40% discount was ever filed with the ICC.

Additionally, the district court considered Mr. Falk's affidavit and posited it against Mr. Charles E. Shinn's affidavit and the trustee's affidavit. The court concluded that there was no genuine issue of material fact. Surely, that determination was based on the fact that the record is barren with regard to a valid filed 40% discount. We too find that there is no evidence in the record to suggest that a 40% discount tariff was ever filed with the ICC. Consequently, petitioner's motion for rehearing is DENIED.